# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SLAVKO DAMJANOVIC,                )
                                  )
            Plaintiff,            )   Case No.: 2:10-cv-00802-GMN-PAL
    vs.                           )
                                  )   **ORDER**
THE VONS COMPANIES, *doing business* )
*as* VONS STORE 1963 AND SAFEWAY  )
INC., VONS DIVISION               )
                                  )
            Defendants.           )
                                  )

Pending before the Court is Defendants' Motion for Summary Judgment (ECF No. 17), which was filed on December 16, 2010. No Response has been submitted. For the reasons that follow, the Motion will be GRANTED.

**I.     BACKGROUND**

This is a personal injury lawsuit arising out of injuries Plaintiff Slavko Damjanovic ("Plaintiff") allegedly sustained after he slipped and fell at a grocery store operated by Defendants. Although the case was initiated in state court, Defendants removed it to this Court, invoking diversity jurisdiction. Having considered the Supplemental Brief (ECF No. 26) filed by Defendants in support of diversity jurisdiction in this case, the Court finds that Defendants have met their burden of establishing that the Court has subject matter jurisdiction over this lawsuit.

After discovery had been conducted in this matter, Defendants filed a Motion for Summary Judgment (ECF No. 17). Plaintiff, who is currently self-represented, has failed to respond to the Motion, despite having been given a *Klingele v. Eikenberry* notice (ECF No. 18) and ample time in which to file a Response.

## II. SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*,

398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.     ANALYSIS

Plaintiff's Complaint (Ex. 1, ECF No. 1) does not clearly set out the cause or causes of action that he is pursuing. However, Plaintiff appears to be bringing a single negligence cause of action.

Because Defendants would not bear the burden of proof at trial, in order to be entitled to summary judgment they need only: (1) demonstrate that Plaintiff failed to make a showing sufficient to establish an element essential to his case, or (2) present evidence negating an essential element of Plaintiff's negligence claim. *See Celotex Corp.*, 477 U.S. at 323–24.

Defendants have demonstrated that Plaintiff has failed to make a showing as to the breach and causation elements of his negligence claim; therefore, they are entitled to summary judgment.

### A.     Negligence Standard

In Nevada, like elsewhere, a plaintiff must establish four elements in order to prevail on a negligence claim: (1) an existing duty of care; (2) a breach of that duty; (3) legal causation; and (4) damages. *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008). Defendants do not dispute that business proprietors owe their invitees--such as Plaintiff--a duty to use reasonable care to keep their business's premises in a reasonably safe condition for use. *See Doud v. Las Vegas Hilton Corp.*, 864 P.2d 796, 799 (Nev. 1993).

### B.     Breach of Duty

Defendants do, however, contend that Plaintiff has failed to produce evidence showing that they breached their duty to use reasonable care to keep their premises in reasonably safe condition for use.  The Court agrees.  Plaintiff has produced no evidence indicating that Defendants failed to use reasonable care in maintaining their property; "failed to take reasonable precautions to protect the invitee from dangers which are foreseeable . . . ." *Twardowski v. Westward Ho Motels, Inc.*, 476 P.2d 946, 947 (Nev. 1970); or failed to warn Plaintiff of a hidden danger that Defendants knew, or reasonably should have known, about. Plaintiff alleged in his Complaint that "he slipped and fell as a result of a foreign liquid substance which Defendants had caused to be on the premises or negligently allowed to exist there," (Compl. ¶ 7, Ex. 1, ECF No. 1), but has failed to produce any evidence in support of that claim.  Because a plaintiff cannot defeat a motion for summary judgment by relying solely on allegations without evidentiary support, *see Taylor*, 880 F.2d at 1045, Defendants' Motion for Summary Judgment will be granted.

Not only have Defendants pointed to the lack of evidence in the record pertaining to the breach element of Plaintiff's claim, they have also produced their own evidence indicating that

they did not breach their duty to exercise reasonable care in maintaining reasonably safe premises.  Specifically, they have attached a signed safety report from a Certified Safety Specialist, in which the Specialist concluded that, even if the floor were wet, "[t]he floor surface provides good surface friction for safe foot traction under dry and wet conditions, as noted during coefficient of friction testing." (*See* Ex. C, ECF No. 17.)  Furthermore, the Specialist reported that "[s]tore procedures for inspection are excellent and exceed industry practice" and that "[l]ighting in the store is good.  The reported liquid substance would be open and obvious." (*Id.*)  Plaintiff has submitted no evidence to rebut this showing that Defendants had taken reasonable measures to prevent exactly the sort of accident about which Plaintiff complains.  Summary judgment will be granted.

### C.   Causation

In order to prevail on a negligence claim, Plaintiff would also have to prove that his injuries were proximately caused by Defendants' failure to use reasonable care to keep its premises in a reasonably safe condition for use.  "Proximate cause has been widely defined as that cause which, in natural and continuous sequence and unbroken by any efficient, intervening cause, produces the injury complained of and without which the result would not have occurred." *Doud*, 864 P.2d at 801.  Proximate cause consists of two components: cause in fact and foreseeability. *Id.*  Cause in fact requires proof that Defendants' failure to exercise reasonable care "was a substantial factor in bringing about [Plaintiff's] injury." *Id.*  Foreseeability "is essentially a policy consideration that limits a proprietor's liability to consequences that have a reasonably close connection with both the proprietor's conduct and the harm that conduct originally created." *Id.*

As a preliminary matter, the causation element cannot be fulfilled if Defendants did not breach their duty to use reasonable care to keep their premises in a reasonably safe condition for use.  However, even if there were a question of material fact as to whether Defendants

breached their duty, Plaintiff has failed to produce any evidence suggesting that he can satisfy the causation element. Other than the unsupported allegations contained in his Complaint indicating that he slipped on some sort of liquid that was on the floor, Plaintiff has failed to bring forward anything indicating that Defendants' alleged breach of their duty to him "was a substantial factor" in bringing about the injuries that he now complains of. Mere allegations are insufficient to overcome Defendants' Motion, and summary judgment must be entered.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 17) is **GRANTED**.

DATED this 21st day of July, 2011.

_____
Gloria M. Navarro
United States District Judge